UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERAMIE HAMSHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SCOTTS COMPANY, LLC, and EG SYSTEMS, INC.,<br>Defendants. | CIVIL ACTION NO. 1:17-cv-4206<br><br>COLLECTIVE ACTION<br>UNDER 29 U.S.C. § 216(b)<br><br>ECF CASE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION AND CLASS ACTION COMPLAINT & JURY DEMAND**

Now comes Plaintiff Geramie Hamsher, individually and on behalf of all others similarly situated, against Defendant The Scotts Company, LLC, and EG Systems, Inc. (collectively "Defendants") and allege the following:

**SUMMARY**

1. Plaintiff is a non-exempt former employee of Defendants who worked more than forty (40) hours in a workweek as a lawn care technician/specialist for Defendants. Defendants required and/or permitted Plaintiff to work in excess of forty (40) hours per week; however, Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for all hours over forty. Furthermore, Defendants failed to compensate Plaintiff at the federally and/or state mandated minimum wage rate.

2. Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for overtime work at the FLSA mandated overtime

wage rate. 29 U.S.C. § 207(a). Furthermore, Plaintiff was not compensated at the FLSA required minimum wage rate. 29 U.S.C. § 206.

3. Defendants likewise do not pay proper overtime and/or minimum wage to other similarly situated workers throughout New York. Plaintiff brings a collective action under the FLSA to recover unpaid overtime compensation and minimum wage owed to him and on behalf of all other similarly situated employees, current and former, who worked for Defendants in New York at any time during the three years prior to the filing of this lawsuit. Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

4. Additionally, Defendants' failure to pay overtime compensation and failure to compensate Plaintiff and all other non-exempt employees who worked for Defendants at a rate equal to or in excess of New York's required minimum wage violates New York Labor Law ("NYLL"). N.Y. Lab. Law §650 *et seq.* (and any supporting regulations). Plaintiff Hamsher, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. Furthermore, when Plaintiff Hamsher and all other non-exempt employees worked more than ten hours in a single work day, they were not paid according to the New York Department of Labor spread of hour regulations. N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4. Moreover, Defendant failed to provide Plaintiff and all other New York Class Members with an annual written notice of their regular rate of pay or overtime rate of pay, weekly notices of their rate of pay or their hours worked, and the proper information required to be included on pay stubs or wage statements, in violation of the Wage Theft Prevention Act. N.Y. Lab. Law §§ 195.1; 195.3. Plaintiff brings this claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Members of the Rule 23 Class Action are hereinafter referred to as the "New York Class Members."

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Geramie Hamsher is an individual residing in Steuben County, New York. Plaintiff's written consent form to this action is attached hereto as Exhibit "A." During the relevant period, said Plaintiff was employed by Defendants as a lawn care technician/specialist from March of 2013 to May of 2016.

7. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA.

8. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the NYLL.

9. Defendant The Scotts Company, LLC is a foreign limited liability company doing business in the state of New York. Said Defendant may be served with process by serving its registered agent as follows: CT Corporation System, 111 8th Avenue, New York, New York 10011-5201.

10. Defendant EG Systems, Inc. is a foreign business corporation doing business in the state of New York. Said Defendant may be served with process by serving its registered agent as follows: CT Corporation System, 111 8th Avenue, New York, New York 10011-5201.

11. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the state of New York and established minimum contacts sufficient to confer jurisdiction over said Defendants. The assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12. Defendants had and continue to have continuous and systematic contacts with the state of New York sufficient to establish general jurisdiction over them. Specifically, Defendants

conduct and/or conducted business in New York by providing lawn care and maintenance services throughout New York.

13. Defendants employ workers and contract with residents and businesses in New York.

14. This cause of action arose from or relates to the contacts of Defendants with New York residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

16. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because such claims do not raise novel or complex issues of state law, and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(d) because Defendants reside in the Southern District of New York, have operations in the Southern District of New York, and a portion of the events forming the basis of this suit occurred there.

## COVERAGE

18. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

19. At all material times, Defendants have been an employer within the meaning of N.Y. Lab. Law §651(6).

20. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

21. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22. At all material times, Plaintiff and FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

23. At all material times, Plaintiff and New York Class Members were employees of Defendants within the meaning of N.Y. Lab. Law §651(5).

24. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

25. Defendants represent themselves to the general public as one company—Scotts—operating at multiple locations. They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name. Defendants advertise together on the same website, provide the same array of services to its customers, and use the same business model. Defendants provide the same service product to its customers by using a set formula when conducting its business. Part of that set formula is the wage violation alleged in this complaint. These facts represent a classic example of "corporate fragmentation."

26. Additionally, Defendants are subject to common control and management.

27. Thus, Defendants formed a "single enterprise" and are each liable for the violations of the other.

28. Moreover, Defendants formed a joint employment relationship with respect to the Plaintiff, FLSA Class Members, and New York Class Members.

29. Defendants had an interrelation of operations between the companies, centralized control of labor relations, common control, and a common business purpose.

30. Defendants controlled the hours to be worked by Plaintiff, FLSA Class Members, and New York Class Members.

31. Defendants had a common business purpose to provide lawn care services to their customers.

32. Defendants' operations were unified and Defendants shared control over the work of Plaintiff, FLSA Class Members, and New York Class Members. Thus, Defendants are each directly liable for the violations in this case.

## FACTS

33. Defendants provide lawn, tree, and shrub care and maintenance services throughout the United States and New York.

34. Defendants employed Plaintiff, FLSA Class Members, and New York Class Members to perform these services in New York.

35. Lawn care technicians/specialists are landscapers who perform the manual duties of caring for lawns.

36. Defendants also employ sales representatives whose job is to contact potential customers.

37. Plaintiff, FLSA Class Members, and New York Class Members are not exempt from overtime pay or from receiving pay at the federal and/or state minimum wage rate.

38. During the relevant time period, Defendants compensated Plaintiff, FLSA Class Members, and New York Class Members pursuant to the "fluctuating work week" ("FWW") method.

39. However, Defendants improperly implemented the FWW method of pay.

40. Because Defendants did not comply with the law, Plaintiff was paid at a rate less than what the law requires and thus, he is owed significant damages.

41. The FWW method, when properly implemented, allows an employer to pay its non-exempt employees at ½ the employees' regular rates of pay (the "half time" premium) for any hours worked over 40, as opposed to paying the employees 1 and ½ times their regular rates of pay.

42. Under the FLSA, Section 778.114 is the regulation governing the FWW method of pay. Section 778.114 provides, in pertinent part, as follows:

> Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

29 C.F.R. § 778.114(a).

43. Thus, to utilize the FWW method, the following elements must be satisfied:

(1) the employee's hours fluctuate from week to week,

(2) there is a clear mutual understanding amongst the employee and employer,

(3) that the employee will receive a fixed salary,

(4) for every hour worked, and

(5) the amount of the salary provides compensation to the employee at least at the minimum wage rate for all hours worked.

44. During the relevant time period, Defendants paid Plaintiff, FLSA Class Members, and New York Class Members supplementary payments and bonuses in addition to their regular salary.

45. For example, Defendants paid Plaintiff, FLSA Class Members, and New York Class Members "truck sales" bonuses when the employees would sign up new customers.

46. The amount of the supplementary payments and bonuses that Plaintiff, FLSA Class Members, and New York Class Members received varied from week to week.

47. Consequently, the gross amounts that Plaintiff, FLSA Class Members, and New York Class Members received each week were not fixed, as the law requires.

48. Additionally, the supplementary payments and bonus payments were not factored into the regular rates of pay for the Plaintiff, the FLSA Class Members, and the New York Class Members.

49. Thus, Plaintiff, FLSA Class Members, and New York Class Members were paid overtime at rates less than what is mandated under the FWW.

50. Further, Defendants made deductions from the pay of the Plaintiff, the FLSA Class Members, and the New York Class Members that were impermissible under the FWW method.

51. Moreover, Defendants violated the law because there was no clear and mutual understanding reached between Plaintiff, the FLSA Class Members, New York Class Members, and Defendants; there were weeks when Plaintiff's, the FLSA Class Members', and the New York

Class Members' pay fell below that applicable minimum wage rate; and the compensation provided Plaintiff, the FLSA Class Members, and the New York Class Members was at a rate less than the applicable overtime rate for every hour worked over forty in a work week.

52. Further, Plaintiff contends that the FWW method of pay is inconsistent with the New York Labor Law and is impermissible under New York law, because, *inter alia*, New York law requires the payment of additional compensation that is tied directly to hours worked. Such payments are inherently inconsistent with the FWW.

53. Given that Defendants improperly implemented the FWW method, Plaintiff, FLSA Class Members, and New York Class Members were denied overtime at the rates mandated under the FLSA and N.Y. Lab. Law §650.

54. Specifically, Plaintiff, FLSA Class Members, and the New York Class Members received compensation at rates less than time and one half their regular rates of pay for those hours worked over forty.

55. Additionally, Defendants violated the NYLL by failing to compensate Plaintiff and The New York Class Members according to the New York Department of Labor spread of hour regulations when they worked more than ten hours in a single work day. N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4. Defendants further violated the NYLL and the Wage Theft Prevention Act be failing to provide Plaintiff and the New York Class Members with an annual written notice of their regular rate of pay or overtime rate of pay, weekly notices of their rate of pay or their hours worked, and failed to provide statements including the information required pursuant to the Wage Theft Prevention Act. Further, while Defendants employed Plaintiff and The New York Class Members throughout the relevant time period, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees and failed to post or keep posted

a notice explaining the minimum wage and overtime pay rights provided by the FLSA and/or New York Labor Law.

56. Plaintiff and New York Class Members frequently worked more than ten hours in one shift for Defendants. However, when they did so, Defendants did not pay any additional wages to Plaintiff and New York Class Members in violation of New York law.

57. Defendants' method of paying Plaintiff, FLSA Class Members, and the New York Class Members was in violation of the FLSA and NYLL and was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA or the NYLL.

## COLLECTIVE ACTION ALLEGATIONS
### (FLSA Class Members)

58. Plaintiff has knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other employees of Defendants who were paid pursuant to the FWW method that fails to comply with the law.

59. Other employees similarly situated to Plaintiff work or have worked for Defendants, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

60. Although Defendants permitted and/or required FLSA Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

61. The FLSA Class Members perform or have performed the same or similar work as Plaintiff.

62. FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

63. FLSA Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

64. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage.

65. Defendants' failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

66. The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the FLSA Class Members.

67. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

68. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

69. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

70. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

71. As such, Plaintiff brings his FLSA overtime and minimum wage claims as a collective action on behalf of the following class:

> **All current and former territory service representatives employed by E.G. Systems, Inc. d/b/a Scotts Lawn Service and all other current or former employees of E.G. Systems, Inc. d/b/a/ Scotts Lawn Service performing substantially similar duties to territory service representatives who were paid for at least one workweek under the fluctuating workweek method of pay during the period May 24, 2014 through the present at any E.G. Systems, Inc. d/b/a Scotts Lawn Service location in the State of New York.**

## CLASS ACTION ALLEGATIONS
### (New York Class Action)

72. Plaintiff and the New York Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

73. Plaintiff brings his NYLL overtime, minimum wage, and spread of hours claims as a Rule 23 class action on behalf of the following class:

> **All current and former employees in New York who were paid for at least one week under the fluctuating workweek method during the six-year period before the filing of this Complaint up to the present.**

74. Although Plaintiff does not know the precise number of members of the proposed class, there are hundreds, and the members of the class are so numerous that their individual joinder is impractical. The identity of the members of the class is readily discernible from Defendants' records.

75. Plaintiff and the proposed class on one hand, and Defendants on the other, have a commonality of interest in subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

76. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited to, the following:

a) Whether Plaintiff and the New York Class Members are entitled to minimum wages under New York law;

b) Whether Plaintiff and the New York Class Members worked hours in excess of forty per work week;

c) Whether Plaintiff and the New York Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by New York Law;

d) Whether Defendants failed to properly implement the FWW method of pay under New York law;

(e) Whether Defendants failed to include bonus payments in the calculation of the regular rate of pay for the Plaintiff and the New York Class Members;

(f) Whether Defendants paid the Plaintiff and New York Class Members additional wages when they worked in excess of ten hours per shift; and

(g) Whether the FWW method of pay is compatible with New York Labor Law.

77. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

78. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with state laws.

79. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this

action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

80. The class action under New York state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the New York Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207
## (COLLECTIVE ACTION)

81. Plaintiff and FLSA Class Members incorporate all allegations contained in the foregoing paragraphs.

82. Defendants' practice of failing to pay Plaintiff and FLSA Class Members the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

83. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff and FLSA Class Members.

## COUNT TWO: VIOLATION OF 29 U.S.C. § 206
## (COLLECTIVE ACTION)

84. Plaintiff and FLSA Class Members incorporate all allegations contained in the foregoing paragraphs.

85. Defendants' practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

86. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff and FLSA Class Members.

## COUNT THREE: VIOLATION OF NEW YORK LABOR LAW –
## OVERTIME (CLASS ACTION)

87. Plaintiff and the New York Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

88. This count arises from Defendants' violation of N.Y. Lab. Law §190 *et seq.* and N.Y. Lab. Law §650 *et seq.* (and any supporting regulations), for their failure to pay Plaintiff and the New York Class Members all their overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the New York Class Members were entitled to receive one and one half times their regular rates of pay.

89. Defendants violated N.Y. Lab. Law §190 *et seq.* and N.Y. Lab. Law §650 *et seq.* by failing to compensate Plaintiff and the New York Class Members consistent with the overtime provisions.

90. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and the

New York Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

### COUNT FOUR: VIOLATION OF NEW YORK LABOR LAW – MINIMUM WAGE (CLASS ACTION)

91. Plaintiff and the New York Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

92. N.Y. Lab. Law §652 requires employers to pay their non-exempt employees a minimum wage. Plaintiff and the New York Class Members are employees entitled to minimum wage pursuant to the NYLL.

93. Defendants compensated Plaintiff and the New York Class Members in whole or in part using the FWW method. This pay system did not ensure Plaintiff and the New York Class Members received compensation at the minimum rate.

94. In denying compensation at the requisite New York minimum rate, Defendants violated the NYLL.

95. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and the New York Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

### COUNT FIVE: VIOLATION OF THE NEW YORK LABOR LAW – SPREAD OF HOURS (CLASS ACTION)

96. Plaintiff and the New York Class Members incorporate the preceding paragraphs by reference.

97. This count arises from Defendants' violation of the NYLL; specifically, Defendants' violation of New York State Department of Labor Regulation § 142-2.4, which

stipulates that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee works for ten or more hours.

98. Defendants violated the NYLL by failing to comply with their obligation to pay Plaintiff and the New York Class Members the additional hour of wages required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 on those days when Plaintiff and the New York Class Members in fact worked for ten or more hours.

99. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the New York Class Members have suffered a loss of income and other damages. Plaintiff and the New York Class Members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

### COUNT SIX: VIOLATION OF THE NEW YORK LABOR LAW – WAGE THEFT PREVENTION ACT (CLASS ACTION)

100. Plaintiff and the New York Class Members incorporate the preceding paragraphs by reference.

101. At all relevant times, Plaintiff and the New York Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

102. Defendants willfully violated Plaintiff and the New York Class Members' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act throughout the relevant time period.

103. Defendants willfully violated Plaintiff and the New York Class Members' rights by failing to provide them with the annual notices required by the Wage Theft Prevention Act during the relevant time period.

104. Defendants willfully violated Plaintiff and the New York Class Members' rights by failing to provide the information required to be furnished to each employee, namely a statement with every payment of wages listing the (a) dates covered by payment, (b) the employee's name, (c) the employer's name, address, and phone number, (d) rates paid and the basis thereof, (e) the basis of payment (including but not limited to hourly, salary, shift, day, week, piece, commission, or other rate), (f) gross wages, (g) any deductions from wages, (h) allowances, if any, claimed as a part of the minimum wage, (i) new wages, (j) regular hourly rates or rates of pay, (k) overtime rates, and (l) hours worked, both regular hours and overtime hours. N.Y. Lab. Law § 195(3).

105. Due to Defendants' New York Labor Law and Wage Theft Prevention Act violations, Plaintiff and the New York Class Members are entitled to recover from Defendants statutory damages of $250 for each work day that the violations occurred or continue to occur, up to the maximum statutory damages per each New York Class Member. N.Y. Lab. Law § 198.

## **WAGE DAMAGES SOUGHT**

106. Plaintiff, FLSA Class Members, and the New York Class Members are entitled to recover their unpaid minimum wage and overtime compensation.

107. Plaintiff, FLSA Class Members, and the New York Class Members are entitled to an amount equal to all of their unpaid minimum wages and overtime wages as liquidated damages. 29 U.S.C. § 216(b).

108. Plaintiff Hamsher and the New York Class Members are entitled to an amount equal to twenty-five percent of their unpaid minimum wages, up to May 23, 2011, and equal to all of their unpaid minimum wages and overtime wages since May 24, 2011, and overtime wages as liquidated damages. N.Y. Lab. Law. § 663.

109. Plaintiff, FLSA Class Members, and the New York Class Members are entitled to recover attorney's fees and costs as required by the FLSA and the NYLL. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663.

## **JURY DEMAND**

110. Plaintiff, FLSA Class Members, and the New York Class Members hereby demand trial by jury on all issues.

## **PRAYER FOR RELIEF**

111. For these reasons, Plaintiff, FLSA Class Members, and the New York Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a) Unpaid minimum wages for all hours worked in a workweek;

   b) Unpaid overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

   c) Unpaid spread of hours damages for those days when the Plaintiff and New York Class Members worked ten or more hours per shift;

   d) Statutory penalties in the amount of $250 for each work day, up to the maximum statutory limit, that Defendants violated the Wage Theft Prevention Act per each New York Class Member.

   e) An equal amount of unpaid wages as liquidated damages as required under the FLSA;

   f) An amount equal to twenty-five percent of unpaid wages as liquidated damages as required under the NYLL;

   g) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA and NYLL;

   h) An order requiring Defendants to correct their pay practices going forward; and

   i) Such other relief to which Plaintiff, FLSA Class Members, and the New York Class may be entitled, at law or in equity.

Dated: New York, New York
June 5, 2017

                                      KENNEDY HODGES, L.L.P.

                           By:  /s/ *Galvin B. Kennedy*
                               Galvin B. Kennedy
                               gkennedy@kennedyhodges.com
                               Pending *pro hac vice* admission
                               Texas State Bar No. 00796870
                               Federal I.D. No. 20791
                               KENNEDY HODGES, L.L.P.
                               4409 Montrose Blvd, Suite 200
                               Houston, TX 77006
                               Telephone: (713) 523-0001
                               Facsimile: (713) 523-1116

                               LEAD ATTORNEY IN CHARGE FOR
                               PLAINTIFF AND CLASS MEMBERS