UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
GERAMIE HAMSHER, Individually and on                     :
Behalf of All Others Similarly Situated,                 :
                                                         :
                              Plaintiff,                 :   17-CV-4206 (VSB)
                                                         :
               -against-                                 :   **OPINION & ORDER**
                                                         :
THE SCOTTS COMPANY, LLC, and EG                          :
SYSTEMS, INC.,                                           :
                                                         :
                              Defendants.                :
                                                         :
-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/2019

Appearances:

Don Foty
Galvin B Kennedy
Kennedy Hodges, L.L.P.
Houston, Texas
*Counsel for Plaintiff*

Juan C. Enjamio (Miami, Florida)
Ryan Ayers Glasgow (Richmond, Virginia)
Shawn Patrick Regan (New York, New York)
Hunton & Williams LLP
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Geramie Hamsher and Defendants The Scotts Company, LLC and EG Systems, Inc. (collectively, "Defendants") have settled this wage and hour class and collective action for $1,070,000. Plaintiff requests that the Court (1) grant preliminary approval of the Class and Collective Action Settlement Agreement; (2) certify the proposed class for settlement purposes; (3) appoint Kennedy Hodges, LLP ("Kennedy Hodges") as Class Counsel; and (4) approve the proposed Notice of Class Action Settlement ("Notice"). Defendants do not oppose this motion.

For the reasons set forth herein, Plaintiff's unopposed motion is GRANTED IN PART and DENIED IN PART.

## I. Factual and Procedural Background

Plaintiff filed a Collective Action and Class Action Complaint on June 5, 2017. (Doc. 1.) The Complaint asserted collective and class action claims against Defendants. Specifically, Plaintiff alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and/or the New York Labor Law ("NYLL"), Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations by, *inter alia*: (1) failing to pay proper minimum wages, and (2) failing to pay proper overtime.

On January 18, 2018, the parties participated in a mediation before Magistrate Judge Debra Freeman. Following the mediation, Plaintiff filed an Amended Complaint on March 22, 2018. (Doc. 36.) The Amended Complaint removed the minimum wage violations and provided additional factual allegations related to Plaintiff's claims of violations of the Wage Theft Prevention Act. (*Id.*) On July 30, 2018, Plaintiff filed the instant unopposed motion for preliminary approval of class settlement, (Doc. 44), and supporting materials, (Docs. 45–46).

## II. Discussion

### A. *Preliminary Approval of the Class Settlement*

District courts have discretion to approve proposed class action settlements. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1077 (2d Cir. 1995). The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising their discretion often give weight to the fact that the parties have chosen to settle. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693(PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Review of a proposed settlement generally involves preliminary approval followed by a fairness hearing. *Silver v. 31 Great Jones Rest.*, No. 11 CV 7442(KMW)(DCF), 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013). To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n E. R.Rs.*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted). Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *Silver*, 2013 WL 208918, at *1 (quoting *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)).

Having reviewed Plaintiff's submissions, including the proposed Class and Collective Action Settlement Agreement (Doc. 44-1 ("Settlement Agreement")), I conclude that the Settlement Agreement is the result of substantial investigative efforts, arm's length negotiations, and the assistance of a neutral mediator, and that the terms are within the range of possible settlement approval. As such, I preliminarily approve the Settlement Agreement.

**B.** ***Conditional Certification of the Proposed Class***

I provisionally certify for settlement purposes the following settlement class under Federal Rule of Civil Procedure 23(e): individuals who were employed by Defendants as Territory Service Representatives in the State of New York who were provided overtime compensation pursuant to the "fluctuating workweek" method at any point between June 5, 2011 and December 31, 2016, who do not opt out of the class (the "Settlement Class").

To be certified under Rule 23(a), a class must meet that section's four requirements—

numerosity, commonality, typicality, and adequacy of representation—as well as one element of Rule 23(b). Fed. R. Civ. P. 23(b). The Settlement Class has 195 members, (Kennedy Decl. ¶ 20),[1] and can therefore be presumed sufficiently numerous, *cf. Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (noting that "numerosity is presumed at a level of 40 members"); joinder would be impractical given the relative size of the claims at issue; and judicial economy favors avoiding individual actions, particularly where the defendant is amendable to a class settlement. Plaintiff and putative class members share common issues of fact and law, including whether Defendants failed to pay overtime wages in violation of state wage and hour laws, based on the alleged illegal implementation of the fluctuating workweek compensation practices. For similar reasons, Plaintiff's claims are typical of those of the Settlement Class. There is nothing to suggest that Plaintiff's interests are antagonistic to those of the other class members. Finally, the proposed Settlement Class satisfies Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), and because "class adjudication . . . will conserve judicial resources and is more efficient for class members," *Silver*, 2013 WL 208918, at *2 (internal quotation marks omitted).

    **C.**    ***Appointment of Class Counsel***

In addition, I appoint Plaintiff's counsel, Kennedy Hodges, as class counsel. Rule 23(g)(1)(A) requires that a district court consider the following in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims

---

[1] "Kennedy Decl." refers to the Declaration of Galvin Kennedy in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Plaintiff's Proposed Notice of Settlement, filed July 30, 2018. (Doc. 46.)

asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Based upon the investigations done by Kennedy Hodges in this case and their efforts in litigating, negotiating, and settling this case, (Kennedy Decl. ¶ 14), I conclude that they meet the requirements of Rule 23(g).

### D. *Approval of Class Notice*

Rule 23(c)(2)(B) requires that:

> [T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. . . . The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). After review, I conclude that the Notice proposed by Plaintiff, (Doc. 44-1, Ex. B), does not satisfy all of the elements of Rule 23(c)(2)(B) identified above. Specifically, rather than define the class certified, *see* Fed. R. Civ. P. 23(c)(2)(B)(ii), the Notice merely states that the lawsuit "concerns the calculation of overtime pay of the Plaintiff and other employees of Scotts located in New York, and it also concerns claims related to wage notices and wage statements. Based on Scotts' payroll records, you are covered by this Lawsuit. As such, you are considered a 'Class Member' in the Lawsuit." (Doc. 44-1, Ex. B at 1.) To ensure that the Notice complies with the requirements of Rule 23(c)(2)(B), it should clearly define the class as individuals who were employed by Defendants as Territory Service Representatives in the State of New York who were provided overtime compensation pursuant to the "fluctuating workweek" method at any point between June 5, 2011 and December 31, 2016, who do not opt out of the settlement class.

Furthermore, rather than state "that a class member may enter an appearance through an attorney if the member so desires," *see* Fed. R. Civ. P. 23(c)(2)(B)(iv), the Notice merely identifies Kennedy Hodges as Class Counsel and informs recipients that "nothing prohibits [them] from speaking with other lawyers about the Lawsuit or this Notice," (Doc. 44-1, Ex. B at 5). To ensure that the Notice complies with the requirements of Rule 23(c)(2)(B), it should clearly state that a class member may enter an appearance through an attorney if the member so desires.[2]

### III. Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's motion for preliminary approval of the Class and Collective Action Settlement Agreement, for certification of the proposed class for settlement purposes, and to appoint Kennedy Hodges as Class Counsel is GRANTED. Plaintiff's motion for approval of the proposed Notice of Class Action Settlement is DENIED. Plaintiff shall submit a revised proposed notice that addresses the deficiencies identified in this Opinion & Order within thirty (30) days of this order.

SO ORDERED.

Dated: February 1, 2019
      New York, New York

_____
Vernon S. Broderick
United States District Judge

---

[2] I also note that the Notice states that Kennedy Hodges will receive $15,249.79 in administrative costs, (*see* Doc. 44-1, Ex. B at 5), but the memorandum states that the total amount of attorneys' costs is $9,649.79, (Doc. 45, at 6). This discrepancy should be explained and/or resolved when Plaintiff submits a revised proposed notice.

6