```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
GERAMIE HAMSHER, Individually and                           :
on Behalf of All Others Similarly Situated,                 :
                                                            :
                            Plaintiff,                      :        17-cv-4206 (VSB)
                                                            :
              -against-                                     :        **ORDER**
                                                            :
THE SCOTTS COMPANY, LLC, and EG                             :
SYSTEMS, INC.,                                              :
                                                            :
                            Defendants.                     :
                                                            :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/2020
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

In accordance with my February 1, 2019 Opinion & Order, (Doc. 47), and in light of my additional comments at the class and collective action settlement fairness hearing on January 31, 2020, it is hereby:

ORDERED that Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, (Doc. 52), is GRANTED. The Court accordingly certifies the following class (the "Class") for settlement purposes:

> All Territory Service Representatives employed by Defendants in New York who, during any workweek between June 5, 2011 and December 31, 2016, had their overtime pay calculated pursuant to the fluctuating workweek method.

The Court further confirms as final its certification of the above Class as an FLSA collective action for purposes of settlement. The Court also confirms the appointment of Plaintiff Geramie Hamsher as a representative of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b), and confirms as final the appointment of Galvin Kennedy of Kennedy Hodges

L.L.P. as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b). Finally, the Court approves the settlement agreement as set forth in Plaintiff's motion. (Doc. 53-1.)

IT IS FURTHER ORDERED that Plaintiff's Motion for Approval of Attorneys' Fees, Reimbursement of Expenses, Administration Costs, and Service Award, (Doc. 55), is GRANTED. The Court accordingly awards Class Counsel $356,666.67 in Attorneys' Fees and $9,649.79 in expenses to be paid in accordance with the settlement agreement. The Court further awards $5,600 in settlement administration costs, and $2,500 as an enhancement award for the named plaintiff Geramie Hamsher, also to be paid in accordance with the settlement agreement.

IT IS FURTHER ORDERED that the Court dismisses this case with prejudice as to Plaintiff and all Class members who did not timely exclude themselves from the settlement, in accordance with the terms of the settlement agreement, provided, however, that Class members who, as of the date hereof, have opted in to *Vasquez, et al. v. The Scotts Company, LLC, et al.*, Case No. 17-cv-60344 (S.D. Fla.), and who did not timely submit claims forms shall not be deemed to have waived or released their claims at issue in *Vasquez*. The Court hereby permanently enjoins and restrains all members of the Class who did not timely exclude themselves from asserting any and all claims that were released pursuant to the settlement agreement, provided, however, that Class members who, as of the date hereof, have opted in to *Vasquez, et al. v. The Scotts Company, LLC, et al.*, Case No. 17-cv-60344 (S.D. Fla.), and who did not timely submit claims forms shall not be so enjoined or restrained. This order shall not bind the single person who timely excluded himself, namely Andres Arango.

IT IS FURTHER ORDERED that the Court reserves jurisdiction over this action for the purpose of supervising the implementation, enforcement, and interpretation of the Settlement

Agreement.

The Clerk of Court is directed to close the open motions at Documents 52 and 55, and is further directed to terminate this case.

SO ORDERED.

Dated: February 10, 2020
      New York, New York

*Vernon S. Broderick*
United States District Judge